UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Payton Colin Thomas, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Docket No. 3:12-00929 |
| vs. ) | Jury Demand |
| ) | |
| Meharry Medical College, ) | |
| (Meharry School of Dentistry), ) | Judge Nixon |
| ) | Magistrate Judge Griffin |
| Defendant. ) | |

## CASE MANAGEMENT ORDER # 1

Pursuant to the Court's Order and Local Rule 16.01(d)(1)b.2, the parties file their Proposed Case Management Order as follows:

**I.   Jurisdiction:**

Plaintiff's complaint seeks relief from Defendant pursuant to 20 U.S.C. § 1681; T.C.A. § 4-21-101, *et seq.*; and for common law claims of breach of contract and/or breach of the duty of good faith and fair dealing. Therefore, this court has original jurisdiction under the provisions of 28 U.S.C. § 1331.

**II.   Theories of Parties:**

**A. Plaintiff:**

The Plaintiff was a dental student at the Meharry School of Dentistry working to obtain his graduate degree in dentistry when he was assaulted by a female faculty professor, Dr. Suzette Stine, within the definition of the sexual harassment policy of Meharry. Because Meharry accepts federal monies, it is subject to Title IX of the Civil Rights Act of 1964 and because the Plaintiff was also an employee of Meharry, it is subject to the T.C.A. Human Rights Act at

1

T.C.A. § 4-21-101, *et seq*. Plaintiff alleges in his complaint that the actions and omissions of the Defendant constitutes breach of contract and breach of duty of good faith and fair dealing.

The Plaintiff did not initially report Dr. Stines under Meharry's sexual harassment policy although he suffered mental distress. Just after the assault, Dr. Stines told the Plaintiff not to mention what she had done. The sexual assault occurred on September 13, 2011. The Plaintiff essentially avoided Dr. Stines from that point forward. In April of 2012, the Plaintiff approached Dr. Stines about completing his clinical requirements in order that he could graduate. Dr. Stines essentially informed Plaintiff that it didn't matter if he performed in her clinic, because she wasn't going to grade him nor was he going to graduate. It is the Plaintiff's theory when Dr. Stines refused to grade him resulting in him being ineligible for graduation, this act constituted a *quid pro quo* conduct and/or retaliation because he had failed to respond to her crude sexual advances, particularly since she had commanded him not to mention anything about it.

Thereafter in April of 2012, Plaintiff filed a written sexual harassment complaint with Meharry's compliance officer, Dr. Ethel Harris, a female faculty member. No action was taken by Dr. Harris on Plaintiff's complaint. Under Meharry's sexual harassment policy, it should have been processed including a consultation with the Plaintiff, which never occurred. Instead, Plaintiff was called to Dean Southerland's office on May 7, 2012, for a meeting where he was told by Dean Southerland that he could no longer attend clinics and that he would either be dismissed from the dental school or would need to repeat his entire senior year at Meharry. During that meeting, the Plaintiff informed Dean Southerland about his filing a sexual harassment complaint against Dr. Stines. Dean Southerland told the Plaintiff that his prohibition from clinics had nothing to do with Dr. Stines and informed him never to mention it again. It is Plaintiff's theory that this act of Dean Southerland constitutes retaliation and/or sexual

discrimination because similarly situated students were permitted to complete their clinical requirements and thus graduate and receive their diplomas. It is further Plaintiff's theory that Dean Southerland's refusal to comply with Meharry's sexual harassment policy was sex discrimination because she was favoring a female faculty member over a male student. Further, Dean Southerland placed the Plaintiff in a hostile school and work environment because from that point forward, he was not able to complete his clinical courses and graduate but rather faced the prospect of his dental career collapsing.

Meharry has continued theses acts of retaliation and/or sex discrimination to this very day because it never considered his sexual harassment complaint pursuant to its own sexual harassment policy as required by Title IX of the Civil Rights Act of 1964 and T.C.A. § 4-21-101, *et seq*.

Plaintiff continued to seek relief from these adverse actions and wrote the President of Meharry Medical College, Dr. Riley, seeking his assistance from May 9, 2012 to June 8, 2012. In a further act of retaliation, Meharry did not respond to Plaintiff's request for assistance but instead Plaintiff was informed by a letter from the university counsel dated June 8, 2012, stating that the Plaintiff was being investigated by the Student Disciplinary Committee. Without proper notice to Plaintiff, this Committee met and informed him by letter dated August 31, 2012, that the Committee conducted a meeting and found Plaintiff to have engaged in fraudulent and unethical conduct. Plaintiff has never been informed what the alleged fraudulent and unethical conduct was.

It is Plaintiff's theory that to the extent that any disciplinary action has been taken against him, it was done as a pretext masking the actual retaliation and sex discrimination. It is further Plaintiff's theory that from approximately April of 2012 to the present, the Plaintiff was

subjected to a hostile environment by Meharry which consisted of refusing to process his sexual harassment complaint, denying him access to clinical duties, denying him graduation, denying him attendance at commencement and investigating him for alleged disciplinary conduct, which resulted in his eventual dismissal from school. These events have cause Plaintiff substantial mental anguish and distress.

It is further Plaintiff's theory that the acts and omission of Meharry, including acting outside of Meharry's policies and procedures, constitutes a breach of contract and the breach of the covenant of good faith and fair dealing. It is further Plaintiff's theory that the acts and omissions stated in the complaint damaged him as reflected in his prayer for relief. It is further Plaintiff's theory that he has and is suffering irreparable harm.

Plaintiff has filed a verified talking complaint in this case and a motion for summary judgment which includes the Declaration of C.E. Hodge. Plaintiff adopts any and all theories set forth in those documents.

**B. Defendant:**

Plaintiff's Complaint seeks relief from Defendant pursuant to 20 U.S.C. Sec. 1681 and T.C.A. Sec. 4-21-101, for sexual discrimination, a sexual hostile work environment, sexual harassment and retaliation, for breach of contract and/or breach of the duty of good faith and fair dealing. Defendant denies that is discriminated against the Plaintiff, that it created a hostile work environment and/or engaged in sexual harassment and/or retaliated against the Plaintiff. Defendant also denies that it violated the Tennessee Human Rights Act, that it breached any contract with the Plaintiff or breached a duty of good faith and fair dealing. Defendant denies that it or any of its employees identified in the Complaint violated

4

any of Plaintiff's rights or breached any duty it had to the Plaintiff. Additionally, Plaintiff is unable to articulate a claim against Defendant for some or all of his cause of actions.

### III. Issues Still In Dispute:

The Defendant has filed a Motion to Dismiss the Complaint. The Plaintiff has responded to that motion. Plaintiff also filed a Motion for Partial Summary Judgment with respect to retaliation only, under the provisions of Rule 12(b)(6) and (d) of the Federal Rules of Civil Procedure.

The Defendant has filed a Motion to Exclude Consideration of Plaintiff's Motion for Partial Summary Judgment under this procedure. Plaintiff intends to respond to said motion and submit that the Rule 12(b)(6) and (d) is a proper procedure to dispose of both the Motion to Dismiss and the Motion for Partial Summary Judgment. In light of the Defendant's objections, Plaintiff will seek, in the alternative, his right to proceed on the Motion for Partial Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and the local rules of this court, which provide the Plaintiff the right to file a motion for summary judgment 20 days after the filing of the complaint.

Until these legal issues are resolved, it is difficult for the parties to state what issues are in dispute at this time. Both parties reserve the right to amend this scheduling order to include additional unresolved issues after the resolution of the pending and possible dispositive motions.

### IV. Schedule of Pretrial Proceeding

Because of the uncertainty of the pending motions, it is difficult for the parties to include a realistic schedule of pretrial proceedings. The parties propose that these dates be determined

5

after the resolution of the pending motions.

    a.  <u>Rule 26(a)(1) Disclosure</u>:

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within 30 days from the date of the initial case management conference or **December 19, 2012**.

    b.  . <u>Other Pretrial Discovery Matters:</u>

This action is set for a jury trial on March 11, 2014 at 9:00 a.m.

A pretrial conference shall be held on February 28, 2014, at 10:00 a.m.

All discovery, including written and depositions, shall be completed by May 31, 2013. All discovery-related motions shall be filed by June 7, 2013.
All dispositive motions shall be filed by August 30, 2013, and any response thereto shall be filed within 31 days. Any reply shall be filed within 15 days of the filing of the response.
Any motion to amend the pleadings or join parties shall be filed by June 3, 2013. No amendments will be allowed if to do so will result in a delay of the disposition of the action by requiring an extension of the discovery deadline. There shall be no stay of discovery pending disposition of any motions.

The Plaintiff shall identify and disclose all expert witnesses and expert reports on or before **June 28, 2013**. The Defendant shall identify and disclose all expert witnesses and

6

reports on or before July 26, 2013.

The parties shall depose all expert witnesses on or before **September 12, 2013.**

It is so **ORDERED**.

**ENTERED THIS THE _____ DAY OF NOVEMBER, 2012.**

*[Signature]*
Magistrate Judge Griffin

Respectfully submitted,

/s/ Bob Lynch, Jr.
**Bob Lynch, Jr. (BPR# 6298)**
Washington Square, Suite 316
222 Second Avenue North
Nashville, TN 37201
615-255-2888
615-256-5737 facsimile
*Attorney for Plaintiff*

/s/ Mark A. Baugh
**Mark A. Baugh (BPR# 15779)**
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, Tennessee 37201
615-726-5600
615-726-0464 facsimile
*Attorneys for Defendant*