IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PAYTON COLIN THOMAS )
) No. 3-12-0929
v. )
)
MEHARRY MEDICAL COLLEGE )
(Meharry School of Dentistry) )

CASE MANAGEMENT ORDER # 2

By contemporaneously entered order, the Court has approved and entered the parties' proposed case management order, with modifications and insertions addressed at the initial case management conference held on November 19, 2012. Those modifications, insertions, and other matters addressed on November 19, 2012, are as follows:

1. The parties' joint motion for extension of time for the plaintiff to respond to defendants's motion to dismiss (Docket Entry No. 11) is GRANTED.

The time for the plaintiff to file a response to the defendant's motion to dismiss (Docket Entry No. 8) is extended nunc pro tunc to November 5, 2012.

On November 5, 2012, the plaintiff filed a response to the defendant's motion to dismiss and a memorandum in support of his motion for partial summary judgment (Docket Entry No. 13) in one document (Docket Entry No. 14).

2. The plaintiff's motion to strike (Docket Entry No. 18) is GRANTED. Although the Court questions whether a motion to strike is the proper vehicle since Rule 12(f) of the Federal Rules of Civil Procedure only provides that portions of pleadings can be stricken,[1] there is no opposition to the motion.

---

[1] See Fox v. Michigan State Police Dep't. 173 Fed.Appx. 372, 375, 2006 WL 456008, *2 (6th Cir. Feb. 24, 2006); Hughes v. Lavender, 2011 WL 1233481, *6 (S.D. Ohio Mar. 29, 2011); King v. Enterprise Leasing Co. of Detroit, 2007 WL 1806208, *12 (E.D. Mich. June 21, 2007); Rhea v. Dollar Tree Stores, Inc., 395 F.Supp.2d 696, 702 (W.D. Tenn. 2005).

Therefore, the draft Declaration of Cynthia Hodge that was inadvertently filed as Docket Entry No. 17 is hereby STRICKEN, and the Clerk is directed to file the final version of the Declaration (Docket Entry No. 18-1) in support of the plaintiff's motion for partial summary judgment.

3. The defendant's motion for leave to file reply (Docket Entry No. 20) is GRANTED.

The Clerk is directed to file the defendant's reply (Docket Entry Nos. 20-1 and 20-2) to the plaintiff's response (Docket Entry No. 14) to the defendant's motion to dismiss (Docket Entry No. 8).

4. The plaintiff has filed a second motion for partial summary judgment. As a result, the initial motion for partial summary judgment (Docket Entry No. 13) is rendered MOOT, and the Clerk is directed to terminate Docket Entry No. 13 as a pending motion.

5. Inasmuch as the plaintiff moves in the alternative for partial summary judgment, see Docket Entry No. 24, at 3-4, and briefing on the plaintiff's motion for partial summary judgment is addressed below, the defendant's motion to exclude (Docket Entry No. 21) is GRANTED except to the extent that the plaintiff filed his response to the defendant's motion to dismiss and memorandum in support of his motion for partial summary judgment in one document (Docket Entry No. 14), such filing will have to be considered, as appropriate, in opposition to the defendant's motion to dismiss and in support of the plaintiff's motion for partial summary judgment.

6. The defendant shall have until December 10, 2012, to file a response to the plaintiff's motion for partial summary judgment (Docket Entry No. 25).

The plaintiff shall have until December 31, 2012, to file a reply to the response, if necessary.

No other filings in support of or in opposition to the plaintiff's motion for partial summary judgment shall be made after December 31, 2012, except with the express permission of the Honorable John T. Nixon.

7. Because the parties anticipate little or no discovery of electronically stored information, they are exempted from the provisions of Administrative Order No. 174, entitled

"Default Standard for Discovery of Electronically Stored Information ('E-Discovery')," entered July 9, 2007.

8. All fact discovery, including written discovery and fact depositions, shall be completed by May 31, 2013. That means that all written discovery shall be served in sufficient time so that responses will be served no later than May 31, 2013.

9. Any motion to amend the pleadings shall be filed by June 3, 2013.

10. Any discovery motion relating to fact discovery shall be filed by June 7, 2013.

11. The plaintiff shall have until June 28, 2013, to serve expert disclosures in accord with Rule 26(a)(2) of the Federal Rules of Civil Procedure.

12. The defendant shall have until July 26, 2013, to serve Rule 26(a)(2) expert disclosures.

13. Any rebuttal expert disclosures shall be served by August 12, 2013.

14. All expert discovery shall be completed by September 12, 2013.

15. Any dispositive motion shall be filed by August 30, 2013. Any response shall be filed within 31 days of the filing of the motion or by September 30, 2013, if the motion is filed on August 30, 2013. Any reply, if necessary, shall be filed within 15 days of the filing of the response or by October 15, 2013, if the response is filed on September 30, 2013.

No other filings in support of or in opposition to any dispositive motion shall be made after October 15, 2013, except with Judge Nixon's express permission.

There shall be no stay of discovery before the May 31, 2013, deadline for completion of fact discovery or the September 12, 2013, deadline for completion of expert discovery even if a dispositive motion is filed prior thereto.

In consultation with Judge Nixon's office, a jury trial is scheduled to begin on **Tuesday, March 11, 2014, at 9:00 a.m.,** in Courtroom 774, U.S. Courthouse, 801 Broadway, Nashville, TN. The parties estimate that the trial will last three (3) days.

The parties are directed to contact Ms. Mary Conner, courtroom deputy to Judge Nixon, by no later than 12:00 noon on Friday, March 7, 2014, if this case has settled. Failure to provide such notification in the event the parties have settled the case may result in assessment of costs against the parties and/or their attorneys, including but not limited to the costs of summoning the jurors.

A pretrial conference is also scheduled before Judge Nixon on **Friday, February 28, 2014, at 10:00 a.m.,** in Chambers, 770 U.S. Courthouse.

By January 31, 2014, counsel shall advise opposing counsel of those portions of any depositions to be read to the jury or those portions of video depositions to be viewed by the jury, in accord with Local Rule 32.01(b) and Rule 26(a)(3)(A)(ii) of the Federal Rules of Civil Procedure, and shall serve a list of the expected witnesses and exhibits in accord with Rule 26(a)(3)(A)(i) and (iii) of the Federal Rules of Civil Procedure.

By February 10, 2014, the parties shall file any motions in limine, any <u>Daubert</u> motions and/or motions relating to expert testimony, any evidentiary objections to deposition testimony in accord with Local Rules 32.01(b) and 39.01(d)(1) and Rule 26(a)(3)(B), and any objections to proposed exhibits in accord with Rule 26(a)(3)(B).

Any responses to such motions in limine, any responses to any <u>Daubert</u> motions and/or motions relating to expert testimony, and any responses to objections to deposition testimony and proposed exhibits shall be filed by February 21, 2014.

By February 21, 2014, the parties shall also:

1. Submit a proposed joint pretrial order, which shall include:
    (a) a recitation that the pleadings are amended to conform to the pretrial order and that the pretrial order supplants the pleadings;
    (b) a short summary of the plaintiff's theory (no more than one page);
    (c) a short summary of the defendant's theory (no more than one page);
    (d) a succinct statement of the relief sought;

(d) a statement of the issues, including a designation of which issues are for the jury and which issues are for the Court;

(e) a summary of any anticipated evidentiary issues;

(f) a statement that counsel have complied with Rule 26(a)(2) and Rule 26(e) of the Federal Rules of Civil Procedure; and

(g) the estimated length of the trial.

2. File pretrial briefs, including:

(a) a concise statement of the facts;

(b) a concise statement of the issues;

(c) a statement of the propositions of law upon which counsel relies, together with citations of authorities in support thereof;

(d) those evidentiary rulings counsel anticipates may arise and the legal authorities upon which counsel relies in support of his contentions; and

(e) what damages are recoverable and, where applicable, a proposed method of reducing future damages to present value.

3. File any deposition transcripts that the parties expect to use at trial;

4. Serve and file their respective final lists of witnesses and exhibits;

5. File a listing of all agreed stipulations;[2] and

6. File proposed jury instructions, any special interrogatories, and any special verdict forms.[3]

---

[2] Counsel shall attempt to good faith to stipulate to the authenticity of exhibits, and shall stipulate to any matters as to which there is no genuine issue or to which counsel does not intend to contest. Objections to authenticity of exhibits and any proposed stipulation to which another party objects will be addressed at the pretrial conference. Objections as to admissibility and relevancy may be reserved until the time of trial or addressed in the context of motions in limine.

[3] Counsel shall confer and jointly prepare and file a set of agreed, proposed instructions and verdict forms. Each proposed jury instruction shall begin on a new page and shall include citations to supporting authorities. The parties may separately file any disputed jury instructions or verdict forms.

The parties shall premark all exhibits and comply with Local Rule 39.01(c)(4).

The Clerk is directed to forward the file in this case to Judge Nixon for his consideration of the defendant's motion to dismiss and accompanying filings (Docket Entry Nos. 8-10), the plaintiff's response (Docket Entry No. 14), and the defendant's reply (Docket Entry Nos. 20-1 and 20-2),[4] as well as the plaintiff's motion for partial summary judgment (Docket Entry No. 25) and filings in support (Docket Entry Nos. 14-16, 18-1, and 19), the defendant's response to be filed by December 10, 2012, and the plaintiff's reply to be filed no later than December 31, 2012.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

---

[4] This motion is fully briefed.